FILED

APR 19 2009

AT 8:30............M
WILLIAM T. WALSH
CLERK

IN THE DISTRICT COURT UNITED STATES
FOR THE DISTRICT OF NEW JERSEY

ROBINSON GUZMAN,
    Petitioner,

vs.,

UNITED STATES OF AMERICA,
    Respondent.

Docket No. 03-3068
D.C. No. 02-CR-00761

*Denied for reasons set forth in Order of 9/10/08*
*Peter [signature]*

MOTION PURSUANT TO THE 1:1 RATIO BEING APPLIED
IN DISTRICT COURTS MAKING IT COMMON LAW
THAT PETITIONER IS ACTUALLY INNOCENT OF
THE 100:1 ENHANCED PENALTY

    Comes now the Petitioner to move this Court to apply the reasoning in U.S. V. Gully, Cr-08-3005-MVB (N.D. Iowa May 18, 2009).

    The reasons are stated within:

(1)    The Petitioner avers that the 1:1 ratio the new **500 grams** to **1.5 kilo** cocaine base or crack to powder cocaine effectively changes the mandatory minimum of **10 years** for **50 grams** or of cocaine base to 5 Kilogram's of cocaine base or crack for a **10 year** sentence.

This process is explained in detail further on in this motion.

(2)   The Sentencing Guidelines cannot be considered mandatory in any context. Especially § 2D1.1 in the context of § 3582(C)(2) sentencings wherein Booker, and its progeny applies.

(3)   The Petitioner avers that the justice department or Government is estopped from arguing against any 1:1 ratio motions.

It is now quite clear that federal courts are already applying the 1:1 ratio which makes it common law.

With U.S. v. Gully, No. Cr-08-3005-MVB (N.D Iowa May 18, 2009) (Judge Bennett) being the most comprehensive application of the 1:1 ratio which is common law.

(4)   The Administration has already admitted that 1 to 1 is the only legal ratio, rendering them estopped from arguing otherwise.

The Petitioner avers that common law is developed by judges through decisions of courts and similar tribunals (also called case law, rather than through legislative statutes or executive branch action. A "common law system" is a legal system that gives great precedential weight to common law, on the principle "that it is unfair to treat semilar facts differently on different occa- sions. (Emphasis added).

(2)

The body of **precedent** is called "common law" and it binds future decisions. In future cases, when parties disagree on what the law is, an idealized common law court looks to post **precedential** decisions of relevant courts. If a similar dispute has been resolved in the past, the court is **bound** to follow the reasoning used in the prior decisions (this principle is known as (**stare decisis**). If, however, the court finds that the current dispute is fundamentally distinct from all previous cases (called a "**matter of first impression**"), judges have the authority and duty to make law by creating **precedent**, therefore, the new decision becomes precedent, and will bind future courts.

Since **3 courts** have already ruled positively on **1 to 1**, it is now common law. The Petitioner **Guzman** is actually innocent of the enhanced **100:1 ratio** applied at the initial sentencing in this case.

(5) The Petitioner avers that in **Gully**, the court held:

That as a matter of note, both the prosecution and the defense agreed that judge **Bennett** had the authority to reject the **100:1 ratio**, and even to adopt a **1:1 ratio**, in a particular case. In response to that, **Judge Bennett** wrote: "This court finds that, contrary to the timid positions of both parties, **Spears**, freed this court, (**Spears v. U.S.**, 555 U.S.___,

(3)

129 S.ct. 840, 843-44 (Jan 21, 2009), from the notion that a sentencing court can only act on a policy disagreement with applicable Sentencing Guidelines on the ground that the Guidelines yield an excessive sentence in a particular case. Rather,,,,,, a particular guideline may be rejected on categorical, policy grounds, even in a mine-run case, and not simply based on a individualized determinazation that it yields an excessive sentence in a particular case.

In other words, the court may reject the **100:1** crack-to-powder ratio set out in **U.S.S.G. § 2D1.1, note 10,** in every case, on policy grounds, not just in a particular case, on policy grounds, that it yields an excessive sentence in that case". (**Internal citations omitted**) (**Emphasis in original**).

(6)   Then, addressing the use of a **1:1 ratio, Judge Bennett** noted that the Government opposed the use of a **1:1 ratio** in this case, principly on the grounds that <u>Gully</u>" was not just a street. Level dealer (**On four occasions**). But was more involved in dealing crack, over several years."

Therefore, the Government argued that this was not the type "mine-run" crack distribution case in which a 1:1 ratio might be appropriate.

<u>Judge Bennett</u> quickly took issue with the Government's approach, commenting:

"The prosecution's arguments seem to suggest some kind of sliding scale, where the crack-to-powder ratio varies, for example. with the extent of the defendant's crack trafficking or the extent of his violent behavior, from **1:1 in** a mine-run case, presumably up to **100:1** for a **Kingpin** or violent offender ,,,,, In this court's view, whether a defendant is an **Eagle Scout** or a street thug is irrelevant to the determination of the appropriate crack to powder ratio in a particular case, because the ratio should not be a proxy for factors that should properly be considered separately pursuant to **18 U.S.C. § 3553(a).** in the end, **Judge Bennett** concluded that he had the authority to use a *1:1* in the instant case and in all crack cases generally.

In so ruling, he went further than any court has to date in clarifying the impact of **Spears**, and eliminating the *100:1* ratio. Specifically, **Judge Bennett** wrote:

"The court finds that the appropriate methodology is to use a **1:1** crack-to-powder ratio not just in an individual case or in a mine-run crack case, but in all "crack" cases, then to enhance sentences for individual defendants for trafficking offenses that actually involve weapons or bodily injury, or for other conduct warranting enhancement under **18 U.S.C. § 3553(a),** as the Sentencing Commission Proposed in **1995 , , , , , Using** this methodology, the parties'-

(5)

arguments about whether or not a major drug trafficker should be accounted for in his sentence, but in the consideration of the 18 U.S.C. § 3553(a), including characteristics of the defendant and circumstances of the offense, rather than in the crack-to-powder ratio.

(7) The Petitioner Guzman, for the record in this case and for arguments sake. So that this court can look at the totality of the circumstances. And agree with Guzman that the Petitioner in asserting that the Sentencing Commission cannot try and limit a district judges ability and discretion in applying the ,,,, two point reduction. Under Guideline retroactive Amendment 706, § 2D1.1.

The Petitioner avers that by purporting to dictate that a district court cannot apply ,, a two point reduction. The Sentencing Commission through 1B1.10 of the guidelines is making § 2D1.1 Amendment 706 mandatory in the context of § 3582(C)(2). A mandatory scheme under which court's lack any discretion. Insofar as either § 1B1.10 does so, it is unconstitutional. Likewise to construe 18 U.S.C. § 3582(C)(2) as giving the sentencing commission the authority to establish such a mandatory scheme through its policy statement would render it unconstitutional in that respect.

C.F. Booker, 543 U.S. at 233-34, 243-45, 125 S.ct. 738 (finding unconstitutional the provision of the federal sentencing

statue that makes the Sentencing Guidelines Mandatory).

Because statutes are to be construed as consistent with the constitution if possible, Clack v. Martinez, 543 U.S. 371,380,125 S.ct. 716,160 L.Ed. 2d 738 (2005), this court does not interpret § 3582(C)(2) to make application of the policy statement set forth in U.S.S.G. § 1B1.10 mandatory. (8) The Petitioner avers that there is Supreme Court Judicial Interpretation to be considered in this limited context.

The district court's sentencing discretion includes the power to depart from the Guidelines to the extent that they are found to rest rest upon "unsound judgment", Rita v. United States, 551 U.S. 338,127 S.ct. 2456,2468,168 L.Ed. 2d 203 (2007), or do not exemplify the Commission's exercise of its "characteristic institutional role" Kimbrough v. United States,___U.S.___,128 S.ct. 558,574,575,169 L.Ed. 2d 481 (2007), that is to issue Guidelines that are the product of careful study based on extensive empirical evidence," Gall v. United States,___U.S.___128 S.ct. 586,594,169 L.Ed. 2d 445 (2007), C.F. United States v. Grinbergs, No. 8:05-Cr-232,2008) finding that the Guidelines At issue in that case did not "reflect the Sentencing Commission's unique institutional strength" and therefore affording them less deference that it would have to "empirically grounded guidelines").

Moreover, the Supreme Court has expressly recognized that courts may depart from the Guidelines "based solely on policy -

considerations, including disagreements with the Guidelines" <u>Kimbrough</u>, 128 S.ct. at 570.

(8) The Appellant next avers for the record and for a status appisal recent events in the legislature.

The Appellant avers that there are currently two bills before Congress that additionally.

Besides the 1:1 being common law and the Petitioner <u>Guzman</u> being actually innocent of 100:1 enhanced penalty.

And the fact that a district court can apply lower than a 2 point reduction.

That will eliminate the sentencing disparity between crack and powder cocaine in regard to the applicability of mandatory minimums. In the House, Representative **Bobby Scott** introduced H.R. 3245, the "Fairness in Cocaine Sentencing Act of 2009". H.R. 3245 will eliminate the current sentencing disparity between crack and powder cocaine sentence, effectively treating all cocaine, including crack, the same for sentencing purposes. The House bill has been voted out of committee and full-committee and awaits ratification by the House of Representatives and the Senate. In October 2009, Senator **Durbin** introduced S. 1789, the "Fair Sentencing Act of 2009". like the House Bill it will treat all cocaine the same: **500 grams** require five years imprisonment and **5 kilograms** will require **ten years** imprisonment, no matter what form of cocaine.

The Petitioner Guzman avers that H.R. 3245 and S. 1789 have been consolidated. By the time the court gets this motion these two bills just might be on the presidents desk, S. 1789 does not have to travel through committee or full committe due to the consolidation with H.R. 3245.

(9)   In Clossing the Petitioner listed number 7 and number 8 of this instant motion, for a status report. For the court's review bringing the court up to date.

The main genuine issue of material fact as the court considers the totality of the circumstances. Along with Supreme Court Judicial Interpretation from Booker and its progeny. Is the fact that by district court's already applying a 1:1 ratio not to belabor this point and fact.

With Gully, supra being the most comprehensive and detailed analysis. It is common law now and the Petitioner Guzman is actually innocent of the 100:1 enhanced penalty ratio used at the initial sentencing.

The Petitioner avers that it is unfair to treat similar facts differently on different occasions. The Body of Precedent is called common law.

The Petitioner Guzman avers that at a 1:1 ratio now applied for 50 grams or more copping out at 150 grams of powder is. A level "18", 27 to 33 months. At any criminal history. Category II 30-37 months. III 33-41 months. IV 41-51 months. V 51-63 months. VI 57-71

months with any aggravating factors. At a level **18 career criminal** designation, **5 level** upward adjustment criminal history category **VI**. Results in a level **23**, criminal history category **VI 92 to 115 months**.

## CONCLUSION

Wherefore in light of the foregoing the Petitioner **Guzman** respectfully submits. That by the Government being estopped from arguing against this motion and for all the reasons listed in totality.

The **1:1 being** common law **Guzman** being actually innocent to the enhanced **100:1 ratio**.

For all those reasons the appellant respectfully request to be released immediately under the rule of law.

Done this 29th day of **March** 2010 at F.C.I. Fort Dix, NJ 08640.

Respectfully Submitted

*/s/ Robinson Guzman*
Robinson Guzman
Reg. No. 25036-050
F.C.I. Fort Dix, Unit 5803
PO. Box-2000 West
Fort Dix, NJ 08640

## CERTIFICATE OF SERVICE

I **Robinson Guzman** do hereby certify that the original copy of Petition for application of the **1:1 ratio** was sent to the clerk office upon the address of District Court United States Martin Luther King Jr. Federal Building 50 Walnut St. Newark, NJ 07101 by U.S. First Class Mail this 29th day of **March** 2010.

*/s/ Robinson Guzman*
Robinson Guzman

*/s/ Robinson Guzman*
March 29, 2010

AO 247 (02/08)   Order Regarding Motion for Sentence Reduction

# UNITED STATES DISTRICT COURT
for the

District of New Jersey

| | |
|---|---|
| United States of America ) | |
| v. ) | |
| Robinson Guzman ) | Case No: 02-762-01 (PGS) |
| ) | USM No: |
| Date of Previous Judgment: 07/09/2003 ) | |
| (Use Date of Last Amended Judgment if Applicable) ) | Defendant's Attorney |

### Order Regarding Motion for Sentence Reduction Pursuant to 18 U.S.C. § 3582(c)(2)

Upon motion of ☑ the defendant ☐ the Director of the Bureau of Prisons ☐ the court under 18 U.S.C. § 3582(c)(2) for a reduction in the term of imprisonment imposed based on a guideline sentencing range that has subsequently been lowered and made retroactive by the United States Sentencing Commission pursuant to 28 U.S.C. § 994(u), and having considered such motion,

**IT IS ORDERED** that the motion is:
☑ DENIED. ☐ GRANTED and the defendant's previously imposed sentence of imprisonment (as reflected in the last judgment issued) of _____ months **is reduced to** _____.

### I. COURT DETERMINATION OF GUIDELINE RANGE (Prior to Any Departures)
Previous Offense Level: _____         Amended Offense Level: _____
Criminal History Category: _____     Criminal History Category: _____
Previous Guideline Range: ___ to ___ months    Amended Guideline Range: ___ to ___ months

### II. SENTENCE RELATIVE TO AMENDED GUIDELINE RANGE
☐ The reduced sentence is within the amended guideline range.
☐ The previous term of imprisonment imposed was less than the guideline range applicable to the defendant at the time of sentencing as a result of a departure or Rule 35 reduction, and the reduced sentence is comparably less than the amended guideline range.
☐ Other (explain):

### III. ADDITIONAL COMMENTS

Except as provided above, all provisions of the judgment dated _____ shall remain in effect.
**IT IS SO ORDERED.**

Order Date: 09/10/2008                          _____
                                                Judge's signature

Effective Date: _____                         Hon. Peter G. Sheridan, U.S.D.J.
         (if different from order date)         Printed name and title